1  **Todd M. Friedman (216752)**
2  **Law Offices of Todd M. Friedman, P.C.**
3  **369 S. Doheny Dr. #415**
   **Beverly Hills, CA 90211**
4  **Phone: 877 206-4741**
5  **Fax: 866 633-0228**
   **tfriedman@attorneysforconsumers.com**
6  **Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BERTHA CACERES,** ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR VIOLATION** |
| ) | **OF FEDERAL FAIR DEBT** |
| vs. ) | **COLLECTION PRACTICES ACT,** |
| ) | **ROSENTHAL FAIR DEBT** |
| **BAY AREA CREDIT SERVICE,** ) | **COLLECTION PRACTICES ACT,** |
| **LLC** ) | **AND INVASION OF PRIVACY** |
| ) | |
| Defendant. ) | |
| _____ ) | _____ |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Bertha Caceres ("Plaintiff"), is a natural person residing in Fresno county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendant, BAY AREA CREDIT SERVICE, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

  a) Communicating or threatening to communicate credit information which is known or which should be known to be false, including reporting a charged off AT&T account on her credit report that was removed from her credit report in 2008, but then re-opened by Defendant as a new account allegedly opened in June of 2008. Plaintiff successfully disputed the validity of the alleged debt in November 2008 and the alleged debt was removed from her credit report. However, in August of 2009, Plaintiff discovered that Defendant had again reported the alleged debt(§ 1692e(8)).

6. Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7. Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

8. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's

feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

 A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
 B. Actual damages;
 C. Statutory damages for willful and negligent violations;
 D. Costs and reasonable attorney's fees,
 E. For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

 A. Actual damages
 B. Punitive Damages; and,
 C. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 24th day of November, 2009.

    By: s/Todd M. Friedman
    **TODD M. FRIEDMAN (216752)**
    **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
    **Attorney for Plaintiff**